# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

**DATE 5/4/2015**

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT OF APPEALS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/4/2015 4:12:34 PM

CHRISTOPHER A. PRINE
Clerk

**TO:**    **1ST COURT OF APPEALS**
**CROSS APPEAL FOR CASE 01-15-00354-CV**

**From:**    **Deputy Clerk: MICHELLE LOPEZ**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:**    **2012-38756**

**VOLUME** _____ **PAGE** _____    **OR**    **IMAGE # 63901020**

**DUE 5/20/2015**    **ATTORNEY 03932950**

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE 1ST**

**DATE JUDGMENT SIGNED:    1/20/2015**

**MOTION FOR NEW TRIAL DATE FILED    2/16/2015**

**REQUEST TRANSCRIPT DATE FILED    N/A**

**NOTICE OF APPEAL DATE FILED    4/30/2015**

**NUMBER OF DAYS: ( CLERKS RECORD ) 120**

**FILE ORDERED:    YES ☐    NO ☒    IMAGED FILED:    YES ☒    NO ☐**

**CODES FOR NOTICE OF APPEAL:  BC, C, OA**

CHRIS DANIEL
Harris County, District Clerk

By:  _/s/ MICHELLE LOPEZ_
**MICHELLE LOPEZ, Deputy**

BC    NOTICE OF APPEAL FILED
BG    NOTICE OF APPEAL FILED – GOVERNMENT
C    JUDGMENT BEING APPEALED
D    ACCELERATED APPEAL
OA    NO CLERK'S RECORD REQUEST FILED
O    CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
NA    AMENDED NOTICE OF APPEAL

## CAUSE NO. 2012-38756

| | | |
|---|---|---|
| MICHELLE HARTMAN AND | § | IN THE DISTRICT COURT OF |
| KELLY SUMRALL | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAYNE CORRELL AND | § | |
| PEGGY CORRELL | § | 151ᵀᴴ JUDICIAL DISTRICT COURT |

### PLAINTIFF MICHELLE HARTMAN'S NOTICE OF APPEAL[1]

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MICHELLE HARTMAN, Plaintiff/Appellant in the above entitled and numbered matter and files this, her Notice of Appeal to the First-Fourteenth's Courts of Appeals sitting at Houston, Texas with respect to the District Court's attached Orders of:

1. February 5, 2015, Final Judgment (Exhibit A);

2. February 5, 2015, Order Granting Defendants' Judgment Notwithstanding the Verdict (Exhibit B); and

3. April 20, 2015, Order Denying Defendant's Motion for New Trial in Part Only as to Judgment-JNOV-Granted as to Co-Defendant, Peggy Correll, (Exhibit C)

Respectfully submitted,

*/s/ Newton B. Schwartz, Sr.*
NEWTON B. SCHWARTZ, SR.
TBN: 17869000
VINCENT K. LO
TBN: 00798332
MABEL LEE-LO
TBN: 24010185
1911 Southwest Freeway
Houston, Texas 77098
Telephone: (713) 630-0708
Facsimile: (713) 630-0789
***Attorneys for Plaintiff***

---

[1] Both Court Reporters, Ms. Carolyn Coronado (151ˢᵗ) and Ms. Annette Peltier (270ᵗʰ) have been paid their required down payment for the Reporter's Records.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record in accordance with Texas Rules of Civil Procedure on this 30th day of April, 2015.

/s/ Newton B. Schwartz, Sr.
NEWTON B. SCHWARTZ, SR.


Randy L. Wooten                                    *Via facsimile (281) 580-7628*
Randy L. Wooten, P.C.
5625 FM 1960 Road West, Suite 214
Houston, Texas 77069-4210
Tel: (281) 580-6419
Fax: (281) 580-7628
Email: rlwooten@swbell.net
*Attorney for Defendants*

```
JUC8H (NR4#)     JUSTICE INFORMATION MANAGEMENT SYSTEM     MAY 04, 2015(C1)
INT6510               CIVIL CASE INTAKE               OPT: _____ -  INT
                   GENERAL PARTY INQUIRY             PAGE:   2 -    2

CASE NUM: 201238756__ PJN> __  TRANS NUM: _____ CURRENT COURT: 151 PUB? _
CASE TYPE: DEFAMATION OF CHARACTER       CASE STATUS: DISPOSED (FINAL)
STYLE: HARTMAN, MICHELLE                 VS CORRELL, WAYNE
=============================================================================
                      **** INACTIVE PARTIES ****
  PJN  PER/CONN COC  BAR        PERSON NAME           PTY   ASSOC. ATTY
  NUM   NUMBER                                        STAT
_     00001-0002 XDF 17869000 HARTMAN, MICHELLE        D   SCHWARTZ, NEW
_     00005-0001 MED 16617500 RAMOS, DION
_     00004-0001 DEF 21993400 CORRELL, PEGGY           D   WOOTEN, RANDY
_     00004-0001 PAD 24063649 NOBLES, MICHAEL CARL
_     00003-0001 PLT 01786900 SUMRALL, KELLY               SCHWARTZ, NEW
_     00002-0001 DEF 21993400 CORRELL, WAYNE               WOOTEN, RANDY
_     00002-0001 PAD 24063649 NOBLES, MICHAEL CARL
_     00001-0001 PLT 17869000 HARTMAN, MICHELLE            SCHWARTZ, NEW

==> (16) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

1/7/2015 12:59:57 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3680794
By: VERONICA GONZALEZ
Filed: 1/7/2015 12:59:57 PM

Pgs-4

DC
9A

CAUSE NO. 2012-38756

| | | |
|---|---|---|
| MICHELLE HARTMAN AND | § | IN THE DISTRICT COURT OF |
| KELLY SUMRALL | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAYNE CORRELL AND | § | |
| PEGGY CORRELL | § | 151TH JUDICIAL DISTRICT COURT |

## FINAL JUDGMENT

On the third day of December, 2014, all parties appeared in person and by their attorneys of record and announced ready for trial and a jury was duly selected and empanelled. The Court and jury heard testimony on December 3, 4, 9, 10 and 11th. After argument of counsel, the jury was duly charged, all questions of fact were submitted. A unanimous jury through their selected Foreman returned the attached adopted certified verdict adopted per TRCP 58 and 59. It was duly read and filed in open Court and a polling of the jury was not requested. The unanimous verdict of the jury was for Plaintiff MICHELLE HARTMAN and her attorneys' against Defendants as found in said verdict. It was filed of record on December 11, 2014 by the Clerk of this Court.

Upon the unanimous jury findings all of which are attached and adopted by reference per TRCP 58 and 59 and a true certified copy, found against the Defendants in their verdict on all issues, attached hereto. The Court does render judgment on the jury verdict and grant and award to Plaintiff, MICHELLE HARTMAN, her following damages, actual and exemplary:[*]

1. Actual damages totaling the sum of the attached jury award of $29,120.00 against Wayne Correll; ~~and $17,388.00 against Peggy Correll~~; after Michelle Hartman waives all recoveries under issue 2A—2G inclusively under the Texas Bus. and Commerce Code

1

---

[*] as to Defendant Wayne Correll, only. The Court has, under a separate Order, granted a judgment notwithstanding the verdict in favor of Peggy Correll.

Title 62 Chapter 17 Texas Deceptive Trade Practices and Consumer Protection ACT (DTPA) I § 1741-17.93 (17.96 inclusively; and

2. Punitive and exemplary damages are awarded severally in the sum of $195,000.00 against Wayne Correll; ~~and $130,000.00 against Peggy Correll~~; based upon jury finding of pled common law fraud per issues 1A—1E inclusively and per pled CPRC § 41.001(6) and CPRC § 41.003(a)(1); and

    a. Per the jury verdict as to issues 1A, 1B, 1C, 1D and 1E Plaintiff elects to recover her full above exemplary damages per CPRC § 41.001(6) and § 41.003(1) trial recovery and waives recovery under Answers to Issue 2A-2G inclusively DTPA issues; and Plaintiff Hartman

    b. Waives her right to treble damages recoveried under Texas Bus. Commerce Code Title 62 Chapter 17 Texas Deceptive Trade Practice and Consumer Protection Act § 1741, Section § 17.93 and § 17.926 inclusively as awarded to issues 2A, 2B, 2C, 2D, 2E, 2F, and 2G inclusively of $3,100.00; and as trebled to S9,300 are waived; adn

3. Attorneys' fees are awarded to her attorneys as follows per pled CPRC § 38.001(8) oral and/or written contracts with Defendants: to

    a. Newton B. Schwartz, Sr. S60,000.00; and to

    b. Vincent K. Lo S25,000.00; and to

    c. Mabel Lee-Lo $15,000.00;

    d. Future attorneys' fees for appeals were waived and not submitted to a jury;

Based upon the Plaintiff's latest timely amended pleading, Plaintiff's Second Amended Original Petition filed and served on or about October 16, 2014 above pleading Common Law Fraud, DTPA, etc. as set forth in said 28 page Jury Charge  The Court awards the above and

2

following actual and punitive (exemplary) damages severally against each Defendant, Wayne Correll and Peggy Correll; and

1. Pre-judgment interest at the maximum rate of interest shall accrued and be paid on her recovery of her actual damages from the date of her demand, September 21, 2012 in the sum of actual damages above awarded $29,120.00 versus Wayne Correll; ~~and $17,380.00 versus Peggy Correll and their heirs, personal representatives, estates and assigns;~~

   a. Its' further order that the total amount of the judgment awarded for net total actual and punitive damages (exemplary) is $224,120.00 awarded versus Wayne Correll ~~and net recovery of $147,380.00 versus Peggy Correll,~~ and against their heirs, personal representatives, estates and assigns.

2. Post-judgment interest at the maximum rate of interest permitted by law is awarded for recovery of the total of the above:

   a. $224,120.00 awarded versus Wayne Correll ~~his heirs, personal representatives, estates and assigns until paid, and~~

   b. ~~$147,380.00 awarded versus Peggy Correll her heirs, personal representatives, estates and assigns until paid; and~~

3. All taxable costs of court paid and/or incurred by Plaintiff as found by the Clerk of this Court in his Bill for Taxable costs are adjudged against Wayne Correll ~~and Peggy Correll, jointly and severally, Defendants,~~ as calculated by the Clerk of this Court; and

4. All writs and processes for the enforcement and collection of this judgment and including the above awarded taxable costs of court shall issue as necessary unless first superseded by filing an accepted and approved by the Clerk of the Court in writing a supersedeas bond ~~with required surety or sureties and/or cash,~~ and

3

5. All other relief requested in this case and not expressly granted above is denied. This judgment finally disposes of all parties and claims and is appealable.

SIGNED AND ENTERED AT HOUSTON, TEXAS ON THIS _____ DAY OF FEBRUARY, 2015.

Signed:
2/5/2015

_____
HONORABLE MIKE ENGELHART,
PRESIDING JUDGE

APPROVED AND TO FORM AND SUBSTANCE
AND ENTRY REQUESTED:

_____
NEWTON B. SCHWARTZ, SR.
ATTRONEY FOR PLAINTIFF
MICHELLE HARTMAN

APPROVED AS TO FORM ONLY

_____
RANDY WOOTEN ATTORNEY
FOR DEFENDANTS
WAYNE CORRELL AND
PEGGY CORRELL

4

## CAUSE NO. 2012-38756

| | | |
|---|---|---|
| MICHELLE HARTMAN AND | § | IN THE DISTRICT COURT OF |
| KELLY SUMRALL | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAYNE CORRELL AND | § | |
| PEGGY CORRELL | § | 151TH JUDICIAL DISTRICT COURT |

### PLAINTIFF'S MOTION FOR NEW TRIAL IN PART ONLY AS TO JUDGMENT— JNOV GRANTED CO-DEFENDANT, PEGGY CORRELL PER T.R.CIV.P. 320-329(b)[1]

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Michelle Hartman, Plaintiff and files this her Motion for New Trial Only directed to Judgment JNOV granted and to Co-Defendant, Peggy Correll, on February 5, 2015. It is filed per T.R.CIV.P. 320-329b, and Plaintiff Michelle Hartman would show the following:

### I.

This Court's granted (rejecting Plaintiff's timely oppositions all adopted by reference per T.R.CIV.P. 58 and 59) Judgment Notwithstanding the Verdict entered on February 5, 2015. Such Judgment JNOV not supported by any evidence and/or sufficient admitted evidence at Trial. This Motion for New Trial is filed:

1) To give the Trial Court one last chance to correct what is believed to be reversible error in granting such Judgment Notwithstanding the Verdict to Peggy Correll. Since no reasons, and no Findings of Fact (FF) and no Conclusion of Law (CL) were made or filed in support of such Judgment JNOV, a Request for such Findings of Fact (FF) and Conclusion of Law (CL) is being contemporaneously filed herein to aid the Appellate Courts in their review of such Judgment—JNOV on Appeals; and

---

[1] T.R.CIV.P. 320 and 41 do not permit post submission severance in this case. The claims and causes of action tried against both Defendants are not separable; *State Department of Highways and Public Transportation v. Cotner*, 845 S.W. 2d 818 (Tex., 1993). Wayne and Peggy Correll's actions alleged are filed timely and inextricably intertwined.

1

2) To preserve those errors for Appeal; and incidentally and as a result

3) To extend her Appellate deadlines to allow this Court's further deliberations and filing requested FF and CL per TR.CIV.P. 296-299 inclusively.

4) Said Court's granting Co-Defendant Peggy Correll's Motion for Judgment Notwithstanding the Verdict of the Jury per T.R.CIV.P. 301 et. seq. on February 5, 2015 is contrary to the preponderance and/or is against the great weight of the admissible evidence admitted by this Court at the Trial. This includes, but is not limited to the Trial testimony admitted into evidence by:

   a) Plaintiff, Michelle Hartman; and

   b) Defendant, Wayne Correll; and

   c) Co-Defendant, Peggy Correll; and

   d) Plaintiff's testifying expert, Max Dunlap, both a CPA and a duly certified fraud examiner; and

e) Pleadings of the Plaintiff as amended and supplemented timely prior to Trial; and

f) All fact issues of Peggy Correll's liability including those tried by consent of the parties including Peggy and Wayne Correll; and

g) Admitted Exhibits 78-80, including Exhibit 78, the May 2011 internet website and publication of Defendants Wayne and Peggy Correll expressly prepared, admitted, and published upon which Plaintiff Hartman expressly reasonably and justifiably relied upon to her detriment. This included fraudulent financial misrepresentations therein by Peggy Correll equally with Wayne Correll including the following submitted to the jury for its consideration, argument and deliberation and returning a unanimous jury verdict.

2

Such fraudulent misrepresentations including those facts found by the Jury answered affirmatively Plaintiff's questions submitted in both (Question A) making material misrepresentations of all four elements of common law fraud a-d per Pattern Jury Charge 2014 PJC 105.4 accompanying PJC 105.1, both Correll's failures to disclose material facts known only by Peggy and Wayne Correll and solely within each of their joint exclusive knowledge. These included:

1) That Correll Jeweler's annual sales range between $300,000-$500,000 and

2) Failing to disclose that such representations, if ever true, were for some 8 years earlier dating as far back as 2003; and

3) That such $100,000 cash investment will repay itself within 1 year or less, if (a) longer operating hours are worked and (b) an additional work day or days is added (sellers Wayne and Peggy Correll Jeweler's store regular hours closed on Sundays and on Mondays); and

4) Other intentional misrepresentations admitted in the Reporter's Record before the jury. These included that the list of Assets actually being sold were far fewer than those offered on both June 10, 2011 (Exhibit 78) as opposed to only those leased which could not have been removed or were removable without permanent damage to the remainder of the Corrells' real property retail store; and that $21,500 in Lease Hold Improvements and on hand other assets being sold and paid for were not removable upon expiration of their 1 year lease on June 15, 2012; and such alleged and representations were justifiably relied upon by Plaintiff Hartman.

3

Such above cumulative admissible preponderance of the evidence was much more than a scintilla necessary to support the jury's verdicts.

The Court's February 5, 2015 Order granting Judgment notwithstanding the jury verdict (JNOV) to Peggy Correll is:

1) Against the great weight and preponderance of the admitted evidence; and including admitted exhibits; and

2) Is not supported by any admissible evidence and/or sufficient admissible evidence; and

3) The Trial Court correctly denied Peggy Correll's Motion for Instructed Verdict per T.R.CIV.P. 268; based on the same Clerk's Record and Reporter's records as justified submission of submission of Defendants Correll's case to the jury; and

4) Peggy Correll did not file either a (a) Motion for New Trial and/or (b) Motion to Disregard the Jury's findings and verdict; and

5) Request for Finding of Facts and Conclusion of Law per T.R.CIV.P. 296 are being filed separately and for purposes of appellate review in aiding the Court of Appeals and Texas Supreme Court decisions.

Plaintiff moves in the alternative per T.R.CIV.P. 48 and adopting all above allegations per T.R.CIV.P. 58 and 59 of Peggy Correll to set aside, and rescind the Court's above erroneously granted Order granting JNOV on February 5, 2015 Peggy Correll's Motion for Judgment Notwithstanding Verdict; and/or on Peggy Correll after service for the Final Judgment entered on February 5, 2015. The Court's granting the above February 5, 2015 Judgment Notwithstanding the Verdict is reversible error and not supportable under any appellate Standard of Review:

4

1) Is an abuse of discretion; and/or

2) Clearly erroneous, i.e. not supported by clear evidence on appeal based on the Reporters and Clerk's records; and/or because there was sufficient admissible evidence to support the jury's verdict; and/or

3) De novo appellate review of both the Clerk's Record and Reporter's Record and all evidence admitted including all exhibits.

## II. MEMORANDUM OF LAW

*Bywaters v. Gannon*, 686 S.W.2d 593, 595 (Tex. 1985). In a motion for JNOV, the movant challenges the verdict as a whole on the same grounds upon which a motion for directed verdict properly could have been sustained. TRCP 301. *Stokes v. Puckett*, 972 S.W.2d 921, 923 (Tex. App. – Beaumont [9th Dist.] 1998, pet. denied). As discussed previously, this Court had denied Defendants Motion for Directed Verdict at the conclusion of Plaintiff's case in chief. This Court should have denied Defendants' Motion for JNOV. All jury findings as to Wayne and Peggy Correll are supported by sufficient credible evidence.

It is submitted that it's in the interest of judicial economy that all Plaintiff's above allegations and admitted exhibits all adopted by reference per T.R.CIV.P. 58 and 59 are sufficient to grant her this Motion for New Trial and set aside and rescind the Court's erroneously granting of such Judgment Notwithstanding Verdict of February 5, 2015; and

1) A Motion to Disregard such jury findings procedurally was a prerequisite to the granting of her above Motion for JNOV; and/or

2) Peggy Correll's proper remedy was to move for a New Trial per T.R.CIV.P. 324(b)(3) and not Rule 324(c)(3).

5

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that this Court reverse or rescind its Final Judgment (JNOV) entered February 5, 2015 in favor of Peggy Correll, and for entry of the Final Judgment submitted and granted against Wayne Correll and such further and other relief as this Court deems appropriate.

Respectfully submitted,
The Law Offices of Newton B. Schwartz, Sr.

*/s/ Newton B. Schwartz, Sr.*
NEWTON B. SCHWARTZ, SR.
TBN: 17869000
VINCENT K. LO
TBN: 00798332
MABEL LEE-LO
TBN: 24010185
1911 Southwest Freeway
Houston, Texas 77098
Telephone: (713) 630-0708
Facsimile: (713) 630-0789
***Attorneys for Plaintiff***

## CERTIFICATE OF CONFERENCE

I personally called Defendants' counsel, Randy Wooten, at (281) 580-6419 at 1:20pm and left him a voicemail message regarding my intent to file this Motion. As of this filing, we show the Defendants as opposed.

*/S/ Newton B. Schwartz, Sr.*
NEWTON B. SCHWARTZ, SR.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record in accordance with Texas Rules of Civil Procedure on this 13th day of February, 2015.

*/s/ Newton B. Schwartz, Sr.*
NEWTON B. SCHWARTZ, SR.

Randy L. Wooten                    *Via facsimile (281) 580-7628*
Randy L. Wooten, P.C.
5625 FM 1960 Road West, Suite 214
Houston, Texas 77069-4210
Tel: (281) 580-6419
Fax: (281) 580-7628
Email: rlwooten@swbell.net
*Attorney for Defendants*

CAUSE NO. 201238756

| | | |
|---|---|---|
| HARTMAN, MICHELLE, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff(s),* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| CORRELL, WAYNE, | § | 151st JUDICIAL DISTRICT |
| *Defendant(s).* | § | |

Plaintiff's Motion for New Trial in Part Only as to Judgment –JNOV – Granted as to Co-Defendant, Peggy Correll, filed on February 16, 2015, is hereby DENIED.

April 20, 2015

_____
Hon. MIKE ENGELHART
Judge, 151st District Court

1/29/2015 4:49:32 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 3955956
By: GONZALEZ, VERONICA
Filed: 1/29/2015 4:49:32 PM

Pgs-1

10BP

CAUSE NO. 2012-38756

| | | |
|---|---|---|
| MICHELLE HARTMAN and<br>KELLY SUMRALL | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| WAYNE CORRELL and<br>PEGGY CORRELL | §<br>§<br>§ | 151ST   JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANTS'
## JUDGMENT NOTWITHSTANDING THE VERDICT

CAME ON to be heard Defendants' Motion for Judgment Notwithstanding the Verdict, and having reviewed same the Court is of the opinion that it should be in all things GRANTED;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that a ^take nothing judgment be entered in favor of Defendant Peggy Correll regarding all affirmative causes of action sought by Plaintiff in this case, including the finding for exemplary damages.

SIGNED on this _____ day of _____, 2015.

Signed:  *MM / MW*
2/5/2015

_____
**JUDGE PRESIDING**

APPROVED AS TO FORM AND ENTRY REQUESTED:

**RANDY L. WOOTEN, P.C.**

By____/s/ Randy L. Wooten_____
    Randy L. Wooten
    SBN  21993400
    5625 FM 1960 Road West, Suite 214
    Houston, TX 77069-4210
    (281) 580-6419
    (281) 580-7628  Facsimile
    RLWooten@rlwootenlaw.com

**ATTORNEY FOR DEFENDANTS**

```
JUC8H (NR4#)    JUSTICE INFORMATION MANAGEMENT SYSTEM    MAY 04, 2015(C1)
INT6510                    CIVIL CASE INTAKE              OPT: _____ - INT
                        GENERAL PARTY INQUIRY            PAGE:   1 -    2

CASE NUM: 201238756__ PJN> __  TRANS NUM: _____ CURRENT COURT: 151 PUB? _
CASE TYPE: DEFAMATION OF CHARACTER        CASE STATUS: DISPOSED (FINAL)
STYLE: HARTMAN, MICHELLE                  VS CORRELL, WAYNE
=============================================================================
                        **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR         PERSON NAME            PTY   ASSOC. ATTY
  NUM   NUMBER                                           STAT
_     00004-0003 3PP 21993400 CORRELL, PEGGY              D   WOOTEN, RANDY
_     00003-0003 3PD          SUMRALL, KELLY              D   PRO-SE
_     00002-0003 3PP 21993400 CORRELL, WAYNE              D   WOOTEN, RANDY
_     00004-0002 XPL 21993400 CORRELL, PEGGY                  WOOTEN, RANDY
_     00004-0002 PXP 24063649 NOBLES, MICHAEL CARL
_     00003-0002 XDF          SUMRALL, KELLY
_     00002-0002 XPL 21993400 CORRELL, WAYNE                  WOOTEN, RANDY
_     00002-0002 PXP 24063649 NOBLES, MICHAEL CARL

==> (16) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```